IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUAN JONES,** | : |
| **Plaintiff** | : CIVIL NO. 1:CV-06-01332 |
| v. | : (Judge Rambo) |
| **TROY WILLIAMSON,** | : |
| **Defendant.** | : |

### MEMORANDUM AND ORDER

On July 7, 2006, Plaintiff Juan Jones, a federal inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg), filed, *pro se*, the instant action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The case, however, was docketed in the court's electronic document filing system as a civil rights complaint filed pursuant to 28 U.S.C. § 1331. Pending before the court is Jones's request of August 2, 2006, to change the docket to reflect his petition as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 6.)[1]

In his petition, Jones alleges that he was denied due process with respect to a disciplinary hearing held before a prison Disciplinary Hearing Officer ("DHO"). (Doc. 1, page 6.) As a result of the hearing, Jones was sanctioned with thirty (30) days of disciplinary segregation and ninety (90) days loss of commissary privileges. (Doc. 1, Exh. A-2, page 2.) Notably, Jones does not assert that he lost any good-time credit.

Federal inmates, such as Jones, possess a liberty interest in good-time credit. See Wolff v. McDonnell, 418 U.S. 539, 555-57 (1974). While the Due Process

---

[1] Also on August 2, 2006, Jones filed a prisoner authorization allowing the prison to submit a copy of his prisoner's trust fund account to the court, and approving the entire filing fee of $350.00 (filing fee for a civil rights complaint) to be deducted from his prisoner inmate account. (Doc. 8.)

Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline. See Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002). Here, Jones's disciplinary segregation and loss of commissary privileges do not invoke the same due process protections. See id. As a result, these punishments cannot be challenged under 28 U.S.C. § 2241 because in no manner do they affect the fact or length of his sentence or confinement. Therefore, Jones's action, if pursued via § 2241, would be subject to dismissal. Nonetheless, if Jones truly seeks this court to construe his action as a habeas matter, he should so indicate and the court will grant his request.

     Jones's action, however, is presently before the court as a civil rights matter filed pursuant to 28 U.S.C. § 1331. In such an action Jones may seek injunctive relief and monetary damages against those individuals who personally played an active role in violating his Due Process rights. In order to state a viable Bivens claim,[2] a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. See Brown v. Philip Morris, Inc., 250 F.3d 789, 800 (3d Cir. 2001). A plaintiff must demonstrate each defendant's direct or personal involvement in the incident that

---

[2] A Bivens claim is the constitutional cause of action against federal officers that is the counterpart to a claim against state officers under 42 U.S.C. § 1983. See Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004). It is named after the case in which the claim was first accepted, Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The principles and analysis applicable to section 1983 actions are equally applicable to Bivens actions. See Schrob v. Catterson, 948 F.2d 1402, 1408-1409 (3d Cir. 1991). Generally, Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

gave rise to the constitutional deprivation.  See Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988)).  That level of detail is missing in Jones's current complaint, and therefore, it must be amended should he wish to proceed with his case as a civil rights matter.

Based on the foregoing, and in the interests of justice to this *pro se* litigant, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Jones will be granted twenty (20) days to advise the court whether he still wishes to proceed in this action as a habeas matter under 28 U.S.C. § 2241; if not, he is to submit an amended civil rights complaint pursuant to 28 U.S.C. § 1331.  Jones is advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  Jones's failure to indicate either his intention to move forward in this matter as a habeas action or to file an amended civil rights complaint within the twenty (20) days will result in the court granting his request to consider his filing (Doc. 1) as one for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and therefore subject to dismissal for the reasons set forth above.

**AND NOW, IT IS HEREBY ORDERED THAT:**

(1) Plaintiff is granted twenty (20) days from the date of this order to notify the court whether he intends to proceed in this matter by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 or by a civil rights complaint pursuant to 28 U.S.C. § 1331.  If he fails to do either, the court will construe the case as a habeas matter under 28 U.S.C. § 2241 and rule on it accordingly.

(2) If Plaintiff decides to proceed under 28 U.S.C. § 1331 as a civil rights matter, he must file an amended complaint naming those individuals who are alleged to have violated his Due Process rights.

    (3)  The Clerk of Court is directed to send Plaintiff two (2) copies of this court's form civil-rights complaint which Plaintiff should use in filing his amended complaint should he elect to do so.

                                                  s/Sylvia H. Rambo  
                                                  SYLVIA H. RAMBO  
                                                  United States District Judge

Dated:  August 30, 2006.