IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN JONES, | : |
|     Petitioner | :   CIVIL NO. 1:CV-06-01332 |
| v. | :   (Judge Rambo) |
| TROY WILLIAMSON, | : |
|     Respondent. | : |

## MEMORANDUM AND ORDER

**I.   Introduction**

Petitioner Juan Jones, a federal inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania (USP-Lewisburg), filed, *pro se*, the instant action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) The case, however, was docketed in the court's electronic document filing system as a civil rights complaint filed pursuant to 28 U.S.C. § 1331. As a result, the court issued an order on August 30, 2006, granting Jones leave to notify the court whether he intended to proceed by way of a habeas petition or a civil rights complaint. (Doc. 11.) On September 15, 2006, Jones notified the court that he wishes to proceed by way of a habeas petition pursuant to 28 U.S.C. § 2241. (*See* Doc. 13.)

Consequently, this matter is before the court for screening. 28 U.S.C. § 2243. The petition has been given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (applicable to § 2241 petitions under Rule 1(b)). Rule 4 may be applied at the discretion of the district court as it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). For the following reasons, the petition will be denied.

## II.   Background

On January 13, 2005, Jones was charged with a high severity infraction, "engaging in sexual acts."  28 C.F.R. § 541.13, Table 3, Code 205 ("Code 205"). A prison official alleged that while she was performing a prisoner count, she walked past Jones's cell and noticed Jones engaged in the act of masturbation in plain view.  Upon noticing the official, Jones did not cease his activity.  The matter was assigned to a Disciplinary Hearing Officer ("DHO") for review.  At a hearing, Jones acknowledged the act but denied knowing the prison official was present at the time.  However, based on the prison official's eye witness account, the DHO held that the greater weight of evidence supported a finding that Jones had violated Code 205.  The DHO ordered thirty (30) days of disciplinary segregation and ninety (90) days loss of commissary privileges.  (Doc. 1, Exh. A-2, page 2.)  Notably, Jones did not lose any good-time credit.

After exhausting his administrative remedies, Jones filed the present habeas petition under 28 U.S.C. § 2241, claiming that his due process rights were violated because he was charged with the wrong offense.  In support, he argues that "engaging in sexual acts" is an ambiguous term and that the DHO's definition is too broad.  He asserts that, if anything, he instead should have been charged with a Code 300 violation for indecent exposure.  Additionally, Jones argues that his petition should not be dismissed because his time spent in disciplinary segregation implicated a liberty interest protected by the Due Process Clause.

## III.   Discussion

On screening, the court must address Jones's claims as filed under 28 U.S.C. § 2241.  Federal inmates, such as Jones, possess a liberty interest in good-time credit.  *See Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974).  While the Due Process Clause protects against the revocation of good-time, it does not provide the same level of protection against the imposition of other forms of discipline.

2

*See Torres v. Fauver*, 292 F.3d 141, 150-51 (3d Cir. 2002).  Here, Jones's disciplinary segregation and loss of commissary privileges do not invoke the same due process protections.  *See id.*  As a result, these punishments cannot be challenged under 28 U.S.C. § 2241 because in no manner do they affect the fact or length of his sentence or confinement.

Jones, however, argues that he would not have been placed in administrative segregation had he been charged with the "proper violation," Code 300, indecent exposure.  (Doc. 13, page 2.)  Therefore, as a result of improperly being charged with "engaging in sexual acts," his placement in administrative segregation invoked due process protections because it constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).[1]  The court rejects this argument based on the holding of *Sandin*.

---

[1] In support, Jones cites to a Second Circuit Court of Appeals case, *Sealey v. Giltner*, 197 F.3d 578 (2d Cir. 1999), as standing for the proposition that administrative segregation does implicate a protected liberty interest.  Jones's argument, however, is misplaced.  In *Sealey*, the issue was whether an extended period of time in administrative segregation under harsher conditions than those of the general prison population impaired a liberty interest for which procedural due process must be provided.  *Id.* at 580.  The prisoner had filed a § 1983 complaint alleging that his 101 days in administrative segregation, which kept him in his cell for 23 hours a day and in conditions that deprived him of bathing privileges and relative quiet, resulted in hardship.  *Id.* at 587.  The Second Circuit Court of Appeals agreed with the magistrate judge in concluding that the prisoner had not shown an "atypical and significant hardship" by simply presenting evidence of harsher conditions than those of the general prison population.  *Id.* at 589.  As a result, the court fails to see how *Sealey* supports Jones's argument that his mere placement in administrative segregation subjected him to hardship, especially when Jones has presented no evidence of harsher confinement or conditions.  Notably, unlike in *Sealey*, Jones is not asserting a civil rights claim here, even though the court afforded him the opportunity to do so; rather, he makes his claim under § 2241.

"*Sandin* instructs that placement in administrative segregation will generally not create a liberty interest." *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir. 2000) (citation omitted). "[D]isciplinary and 'administrative segregation [are] the sort[s] of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," *Torres*, 292 F.3d at 150 (citation omitted). In the present case, Jones was placed in administrative segregation for 30 days and lost no good-time credit. Therefore, under *Sandin*, Jones was not deprived of a protected liberty interest. Because Jones's due process claim implicated only the conditions, and not the fact or duration, of his confinement, his action pursuant to § 2241 is subject to dismissal.

**AND NOW, IT IS HEREBY ORDERED THAT:**

(1) The petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED for lack of merit.

(2) The court's August 3, 2006, Administrative Order (Doc. 9) is VACATED.

(3) The Clerk of Court is directed to return any funds that exceed the $5.00 filing fee required for a § 2241 petition to the Superintendent/Warden of USP-Lewisburg for deposit in Petitioner's trust fund account (or institutional equivalent).

(4) The Clerk of Court is directed the CLOSE the case.

      s/Sylvia H. Rambo  
      SYLVIA H. RAMBO  
      United States District Judge

Dated: September 22, 2006.